UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Sean Michael Northop; Thomas Warren Cantele; Michael Dean Regan; Steven Wesley Bryant; and all inmates similiar (sic) situated,

Plaintiff,

vs.

Simon Major, Director; Major McGhany; Ofc. Williams; Ofc. Taylor; Ofc. Nixon; Ofc. Parker; Nurse Jane Doe; and John Doe, sued in their individual, personal, and official capacity as employees of Sumter County Jail,

Defendants.

C/A No.: 8:10-2580-RMG-BHH

Order

This is a civil action filed pursuant to 42 U.S.C. § 1983 by four (4) detainees at the Sumter-Lee Regional Detention Center. The detainees are proceeding *pro se*. The complaint alleges violations of the plaintiffs' constitutional rights. The plaintiffs seek injunctive relief and damages.

A review of the complaint reveals that the plaintiffs wish to file a class action. The Fourth Circuit has held however, that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(holding that a prisoner, proceeding *pro se*, cannot represent other prisoners in a class action). *See also Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-626 (4th Cir. 1981)(suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Therefore, to the extent any plaintiff in this suit may wish to bring a class action lawsuit, he cannot do so.

Although this case cannot proceed as a class action, the complaint contains signatures of multiple prisoners, indicating a desire to litigate issues concerning the conditions of their confinement. Because the additional signatories are prisoners, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), applies to this case. The screening provision of 28 U.S.C. § 1915A(a) requires review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and allows for *sua sponte* dismissal in specified circumstances. The PLRA placed "some rather substantial limitations on a prisoner's ability to initiate a civil action." *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006).

In applying PLRA provisions to this case, the question of whether multiple plaintiffs can proceed in a single case under that statute arises. The Fourth Circuit has not addressed the issue of payment of fees in a case filed by multiple plaintiffs subject to the PLRA. Various other federal

courts, however, have addressed the issue. *See Burke v. Helman*, 208 F.R.D. 246 (C.D. Illinois 2002)(collecting cases). In *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal.

Additionally, each plaintiff's claims are unique to the particular plaintiff. Any damages, if awarded, would need to be determined individually. Furthermore, the court may be presented with a situation where some plaintiffs have complied with the exhaustion requirement of the PLRA and others have not. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Just as payment of one fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all of the plaintiffs. Each individual plaintiff is required to comply with the exhaustion requirement. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002)(exhaustion is required in all actions brought with respect to prison conditions); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)(PLRA makes "proper" exhaustion mandatory). Finally, each plaintiff must be notified separately of court documents, orders, and deadlines. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

As a result, the court concludes that each plaintiffs' claims will require individualized determinations. Accordingly, the Clerk of Court is directed to assign separate civil action numbers to the three (3) other inmates whose signatures appear on the complaint.

The defendants in the new cases will be the same defendants listed in the above-captioned case. The Clerk of Court is authorized to re-file the complaint from the above-captioned matter in the new cases. Thus, the initial document entries on the docket in the three additional cases will be this order and the original complaint. The Clerk of Court is authorized to determine the most efficient way and time for assigning case numbers, and entering the new case numbers, party information, and pleading information on the court's electronic case management system. In the above-captioned case and in the three new cases, each plaintiff will have the benefit of the "prison mail-box rule". *See Houston v. Lack*, 487 U.S. 266 (1988). In the above-captioned case, Sean M. Northrop will remain as the sole plaintiff.

After the new cases are docketed, the assigned Magistrate Judge is authorized to issue orders pursuant to the General Order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and conduct initial reviews in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

Charleston, South Carolina
October 21, 2010

2